Hovanes Margarian, SBN 246359
hovanes@margarianlaw.com
THE MARGARIAN LAW FIRM
801 North Brand Boulevard, Suite 210
Glendale, California 91203
Telephone Number: (818) 553-1000
Facsimile Number: (818) 553-1005

Attorneys for Plaintiff,
LIZA ARABIAN

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

LIZA ARABIAN, as an individual, on behalf of herself, all others similarly situated, and the general public,

Plaintiff,

vs.

THE ORGANIC CANDY FACTORY, a business entity, form unknown; and DOES 1 through 10, inclusive,

Defendants.

Case No.:

**CLASS ACTION COMPLAINT**

1. Breach of Express Warranty
2. Breach of Implied Warranty
3. Breach of Contract
4. Common Law Fraud
5. Intentional Misrepresentation
6. Negligent Misrepresentation
7. Violation of the California Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.*;
8. Violation of the California Unfair Competition Act ("UCL"), Business and Professions Code § 17200, *et seq.*
9. Violation of the California False Advertisement Law ("FAL"), Business and Professions Code § 17500, *et seq.*
10. Quasi Contract/Restitution/Unjust Enrichment

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COMES Plaintiff, LIZA ARABIAN, as an individual, on behalf of herself, all others similarly situated, and the general public, by and through Plaintiff's attorneys, with the Class Action Complaint against Defendants, THE ORGANIC CANDY FACTORY (hereinafter "Candy Factory" or "Defendant"), a business entity form unknown, and DOES 1 through 10, inclusive, alleges and affirmatively states as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of herself, and all other similarly situated persons residing in California and/or the United States who purchased products sold by Defendants, THE ORGANIC CANDY FACTORY ("Candy Factory") and DOES 1 through 10.

2. Candy Factory sells gummy candy shaped in the form of a bear, which it calls "Gummy Cubs." Candy Factory also sells chocolate bars filled with the same gummy candy. Candy Factory sells these products in packaging with either the flavor "Peach" or "Boysenberry, Blackberry & Raspberry" prominently featured on the front (collectively, "Gummy Cubs" or "Class Products"). The flavors "Peach" or "Boysenberry Blackberry & Raspberry" on Candy Factory's packaging represent to consumers that the Gummy Cubs contain peach, boysenberry, blackberry, or raspberry ingredients ("Real Ingredients"). However, the reality is that the Gummy Cubs do *not* contain these ingredients.

3. Defendants Candy Factory and DOES 1 through 10 collectively, designed, manufactured, distributed, marketed, and sold the Class Products with such deceptive representations on the product packaging.

4. Although Candy Factory knew from the very start of the distribution and sale of the Class Products that the Class Products did not contain the ingredients prominently listed on the product packaging, it distributed the Gummy Cubs with such packaging in the United States in order to make them more attractive to consumers.

5. In reasonable reliance on the representations made on the packaging of the Gummy Cubs, Plaintiff and other consumers purchased them, believing they contained the ingredients listed on the packaging. Had Plaintiff and other consumers known that the Gummy Cubs did not contain these ingredients, they would not have purchased the subject candies or would have paid significantly less for them.

**PARTIES**

6. Plaintiff, LIZA ARABIAN (hereinafter "Arabian" or "Plaintiff"), is and was at all times relevant herein an individual residing in Los Angeles County, California. Plaintiff Arabian purchased and consumed a package of "Boysenberry, Blackberry & Raspberry" Gummy Cubs, which were manufactured, sold or otherwise delivered to Plaintiff Arabian without the Real Ingredients, as described herein.

7. Plaintiff appears in this action on behalf of herself, on behalf of all others similarly situated, and pursuant to Business and Professions Code §§ 17200 *et seq.* and 17500 *et seq.*, on behalf of the general public in her capacity as a private attorney general.

8. Defendant, THE ORGANIC CANDY FACTORY ("Candy Factory") is a business entity, form unknown, and is doing business throughout the United States, with its principal place of business located at 15332 Antioch Street, Pacific Palisades, California 90272-3628. Candy Factory transacts business in Los Angeles County, California, and at all relevant times developed, promoted, marketed, distributed, and/or sold the Class Products, throughout the United States, including California. Defendant Candy Factory has significant contacts with the State of California by transacting business in this state.

9. Plaintiff is informed and believes, and based thereon alleges that Defendants DOES 1 through 10 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff.

10. Plaintiff is unaware of the true names of Defendants DOES 1 through 10.

Plaintiff sues said defendants by said fictitious names, and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this Complaint.

11. Plaintiff is informed, believes, and based thereon alleges that at all relevant times, each Defendant developed, produced, distributed and sold the Class Products, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes, and based thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about said deceptively named products, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action in which the word appears and includes Candy Factory and DOES 1 through 10.

12. At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent of each of the other Defendants.

13. Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading. Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

## JURISDICTION AND VENUE

14. This is a class action.

15. On information and belief, aggregate claims of individual Putative Class Members exceed $5,000,000.00, exclusive of interest and costs.

16. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332 subd. (d).

17. Candy Factory and DOES 1 through 10 developed, designed, manufactured, distributed, and sold the Class Products, placing them in the stream of commerce and maintaining sufficient contacts in the Central District of California such that jurisdiction over the person is proper.

18. Defendants are deemed to reside in this district pursuant to 28 U.S.C. § 1391.

19. Venue is proper in this District under 28 U.S.C. § 1391 subd. (a).

## FACTUAL ALLEGATIONS AS TO PLAINTIFF ARABIAN

20. On May 18, 2017, Plaintiff Arabian purchased a package of Candy Factory's "Boysenberry, Blackberry & Raspberry" Gummy Cubs from The Coffee Bean store in Glendale, California for personal, family or household purposes.

21. Plaintiff Arabian purchased the Gummy Cubs while reasonably believing that they contained boysenberry, blackberry, and raspberry ingredients ("Real Ingredients"). Plaintiff Arabian based her belief on reasonable reliance on Defendant's representations on the Gummy Cubs packaging.

22. There were no asterisks present next to the name "Boysenberry, Blackberry & Raspberry" on the packaging to disclose the lack of Real Ingredients in the Class Products.

23. Had there been an adequate disclosure that the Class Products did not contain Real Ingredients, Plaintiff Arabian would have learned that the Gummy Cubs lacked Real Ingredients.

24. Subsequent to her purchase, Arabian learned about the lack of Real Ingredients in Gummy Cubs, and on May 31, 2017 sent a "Notice of Violation of the California

Consumer Legal Remedies Act" to Candy Factory.

25. Had Plaintiff Arabian known that the Class Products did not contain Real Ingredients, she would not have purchased the Class Products, and would have purchased other products that contain boysenberry, blackberry, or raspberry ingredients from the competitors of Candy Factory or would have paid significantly less for them. Therefore, Plaintiff Arabian suffered injury in fact and lost money because of purchasing these Class Products.

## ALLEGATIONS COMMON TO PLAINTIFF AND CLASS MEMBERS

26. Candy Factory develops, distributes, markets, advertises and sells Candy Factory branded Class Products in the United States. Candy Factory promotes and advertises itself as an "organic" candy brand.

27. Candy Factory has a system of distribution throughout the United States through which it markets, advertises and sells Candy Factory branded goods. Candy Factory sells the Class Products their web site, on Amazon, and through multiple retailers, with both local and nationwide reach, such as The Coffee Bean, T.J. Maxx, Marshalls, and Williams-Sonoma.

28. Through the years, Candy Factory developed, distributed, marketed, advertised and sold certain varieties of Gummy Cubs, described below, named either "Peach" or "Boysenberry, Blackberry & Raspberry," but which do not in fact contain peach, boysenberry, blackberry, or raspberry ingredients, respectively.

29. The Gummy Cubs are and always were deceptively named, in that they never included peach, boysenberry, blackberry, or raspberry ingredients ("Real Ingredients").

30. The varieties of Gummy Cubs at issue include at least the following: Organic Gummy Cubs – Peach, Organic Gummy Cubs – Boysenberry Blackberry & Raspberry, Organic Gummy Cubs in Milk Chocolate – Peach, and Organic Gummy Cubs in Milk Chocolate – Boysenberry Blackberry & Raspberry.

31. Defendant Candy Factory, as the producer, distributor, and seller of Class

Products, had exclusive knowledge about the lack of Real Ingredients in the Gummy Cubs prior to start of distribution and sale of each of identified Gummy Cubs variety because Candy Factory formulated and manufactured the Gummy Cubs.

32. Defendant Candy Factory, thus, knew that the Gummy Cubs did not contain Real Ingredients before Plaintiff and putative class members purchased the Class Products.

33. Knowing the truth and motivated by profit and market share, Defendants knowingly and willfully engaged in the acts and/or omissions to mislead and/or deceive Plaintiff and others similarly situated.

34. Even though Candy Factory knew that the Gummy Cubs did not contain Real Ingredients, it distributed and marketed the Gummy Cubs without disclosing the lack of Real Ingredients in Class Products to Plaintiff and the Class Members.

35. Candy Factory intentionally used the names "Peach" and "Boysenberry, Blackberry & Raspberry" on the packaging of the Class Products with an intent to deceive consumers into believing that the Gummy Cubs contained Real Ingredients.

36. At all times relevant herein, Candy Factory continually used product names "Peach" and "Boysenberry, Blackberry & Raspberry" Gummy Cubs on the signs in product displays on in-store banners, screens, advertisements, and elsewhere.

37. Further, Candy Factory actively concealed the fact that Class Products lacked Real Ingredients by using substitute flavors to mimic the flavor of Real Ingredients in Class Products to deceive Plaintiff and the putative class members.

38. Candy Factory had a duty to disclose the lack of Real Ingredients in the Gummy Cubs because it: (1) had exclusive knowledge about the lack of Real Ingredients in Gummy Cubs from sources not reasonably discoverable by Plaintiff and the putative class members; (2) actively concealed that Gummy Cubs lacked Real Ingredients; and (3) affirmatively misrepresented that Gummy Cubs contain Real Ingredients by intentionally using the names "Peach" and "Boysenberry, Blackberry & Raspberry" on the Class Products' packaging.

39. Candy Factory made some statements about the Gummy Cubs' ingredients, but failed to make an adequate disclosure that the Gummy Cubs did not contain Real Ingredients.




*Figure 1 – Gummy Cubs "Boysenberry, Blackberry, & Raspberry" Packaging (Front)*

40. Plaintiff and the putative class members reasonably relied on said misrepresentations and the fraudulent concealment of the fact that the Gummy Cubs did not contain Real Ingredients, because Candy Factory used a number of substitute ingredients to produce flavors similar to Real Ingredients in Gummy Cubs further deceiving the Plaintiff and putative class members. Based on information and belief, the Real Ingredients are more expensive than the substitute ingredients that Candy Factory used to deceive the consumers.

41. The fact that the Gummy Cubs do not contain Real Ingredients is material because it relates to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

42. Peaches ward off obesity-related diseases such as diabetes, metabolic syndrome and cardiovascular disease. Studies have shown that peaches have bioactive and phenolic compounds with anti-obesity and anti-inflammatory properties that may also reduce the bad cholesterol (LDL) associated with cardiovascular disease. Peaches benefit four major phenolic groups in the fruits: anthocyanins, chlorogenic acids, quercetins and catechins, all of which work together and complement each other to fight off obesity-related illness.[1]

43. Boysenberries are high in vitamin C and potassium. They are also a good source of Fiber. Boysenberries are also high in Folate. Folate is B vitamin that can help reduce birth defects if consumed by pregnant women. Boysenberries also provide high doses of vitamin E, which protects cells from damage and reduces the risks of cancer and heart disease.[2]

44. Blackberries have one of the highest antioxidant levels among all fruits. Antioxidants play a role in preventing many cancers. Blackberries can also help keep skin look younger and the brain retain good memory. The high tannin content in blackberries can also help with digestive health.[3]

45. Raspberries can help fight cancer through their high antioxidant contents. They can also maintain cardiovascular health through their potassium contents, as well as their manganese, copper, and iron, which are used to produce red blood cells. Raspberries can

---

[1] Ware, Megan, RDN, LD, Peaches, Health Benefits, Facts, Research. Medical News Today. 2016 Feb 9: 1.

[2] Sara Ipatenco, *The Helthy Benefits of Boysenberry*, SF GATE (last visited July 10, 2017), http://healthyeating.sfgate.com/health-benefits-boysenberry-4252.html.

[3] Dileen Simms, *Blackberry Facts: 10 Things You May Not Know About the Fruit*, HUFFINGTON POST (Feb. 21, 2017), http://www.huffingtonpost.ca/2013/01/31/blackberry-facts_n_2581622.html.

also increase fertility in men and women, while at the same time reducing the risk of a miscarriage in pregnant women. They can also help boost memory, boost immunity, maintain eye health, and help with inflammation.[4]

46. Plaintiff and the putative class members suffered economic damage because they were deprived of the benefit of their bargain since they would not have purchased the Gummy Cubs had they known about the lack of Real Ingredients and would have purchased the similar products of Candy Factory's local and national competitors instead, that contain Real Ingredients.

47. Plaintiff is informed and believes and thereon alleges that Defendants' practice of using the names "Peach" and "Boysenberry, Blackberry & Raspberry" on the packaging of the Class Products that lack Real Ingredients, and failure to adequately disclose that the Gummy Cubs lack Real Ingredients impacts the competition between Candy Factory and other local or national candy manufacturers that produce similar products and either use names such as "Peach" or "Blackberry" etc. only in those products which include Real Ingredients, or refrain from using these words in the naming of their candy. This gives Candy Factory a competitive advantage over other businesses operating in the same market.

48. Candy Factory markets the Class Products as "better candy," "gelatin free, gluten free, GMO + preservative free, nothing artificial ever, no corn syrup, vegan, Kosher and a cub hug of vitamin C," as stated on the product packaging, which further magnifies the perception of the Class Products among consumers as a type of product that would contain the Real Ingredients. Furthermore, Candy Factory charges $3.95 for 3oz bag of the Gummy Cubs, which also represents the Class Products as "premium" "organic" candy that contains the Real Ingredients as compared with cheaper gummy

[4] *Top 10 Health Benefits of Raspberries*, HEALTH FITNESS REVOLUTION (Feb. 19, 2016), http://www.healthfitnessrevolution.com/top-10-health-benefits-of-raspberries/; Jon Ericson, *Improve Male and Female Fertility with Raspberries: 'Superfood' Contains High Levels of Folate, Victamin C* (Aug. 26, 2013), http://www.medicaldaily.com/improve-male-and-female-fertility-raspberries-superfood-contains-high-levels-folate-vitamin-c-254447.

candy.

49. The Gummy Cubs from Candy Factory, thus, are not the same quality as those generally accepted in the trade of consumables, are of poor or below average quality within the description of "Peach" or "Boysenberry, Blackberry & Raspberry" Gummy Cubs and/or did not conform to the affirmations of fact made by Candy Factory in its labeling of Class Products.

50. Plaintiff and the putative class members suffered economic harm because the Gummy Cubs they purchased are unmerchantable and are worth less than what they paid/pay for them.

51. Plaintiff and the putative class members suffered economic harm because they bargained for and paid for the Gummy Cubs that they believed included Real Ingredients; however, they received Gummy Cubs that only had cheaper alternative flavors instead of Real Ingredients.

52. Candy Factory continues its unfair, fraudulent and unlawful practice as alleged herein. Plaintiff and the Class Members will never know whether candy they are purchasing from Candy Factory has Real Ingredients based on the packaging of the product.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

53. This action has been brought and may properly be maintained as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23 and other applicable law by Plaintiff on behalf of herself and a Class as defined as follows:

(1) *National Class*: The Class that Plaintiff seeks to represent ("National Class") includes all persons and entities within the United States who purchased or will purchase "Peach" and/or "Boysenberry, Blackberry & Raspberry" Organic Gummy Cubs, on or after Defendant placed these products into the stream of commerce. Excluded from the National Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers,

directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may preside over this case.

(2) *California Subclass*: The Class that Plaintiff seeks to represent ("California Subclass") consists of all persons and entities who purchased or will purchase "Peach" and/or "Boysenberry, Blackberry & Raspberry" Organic Gummy Cubs in California, on or after the date Defendant placed these products into the stream of commerce. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may preside over this case.

(3) *California Consumer Subclass*: The Class that Plaintiff seeks to represent ("California Consumer Subclass") consists of all members of California Subclass that acquired "Peach" and/or "Boysenberry, Blackberry & Raspberry" Organic Gummy Cubs for personal, family, or household purposes.

54. There is a well-defined community of interest in the litigation, and the proposed class is ascertainable:

a. *Common Questions Predominate*: Common questions of law and fact exist as to all class members, and predominate over any questions that effect only individual members of the class, if there are any individual questions. The common questions of law and fact include, but are not limited to:

1) Whether the Class Products were of a poor or inferior quality from other similar products;

2) Whether Defendants knew of the lack of Real Ingredients in the Class Products;

3) Whether Defendants violated California consumer protection

statutes;

4) Whether Defendants breached their express warranties;

5) Whether Defendants breached their implied warranties;

6) Whether the advertisements and statements made by Defendants were and are false and/or had and have had a tendency to deceive customers, by either failing to disclose the lack of Real Ingredients in the Class Products or misrepresenting that the Class Products contained Real Ingredients;

7) Whether Defendants failed to adequately disclose the lack of Real Ingredients in the Class Products;

8) Whether the packaging of the Class Products was deceptive;

9) The nature and extent of Defendants' implied warranty of merchantability for the Class Products;

10) Whether the nondisclosure of lack of Real Ingredients is an unlawful, unfair and/or "fraudulent" business act or practice within the meaning of the Business and Professions Code §§ 17200 et seq.;

11) Whether Defendants had a duty to Plaintiff and the Class to disclose the lack of Real Ingredients in the Class Products;

12) Whether Defendants knew or reasonably should have known about the lack of Real Ingredients in the Class Products;

b. *Typicality*: Plaintiff's claims are typical of the claims of the class members. Plaintiff and the class members sustained the same types of damages and losses.

c. *Numerosity and Ascertainability*: The classes are so numerous, thousands, if not millions of persons, that individual joinder of all class members is impractical under the circumstances.

d. The class members ascertainable by, among other things, sales records and by responses to methods of class notice permitted by law. Further, the Ninth Circuit has held that demonstrating the existence of "administratively feasible" means of identifying

class members is not a prerequisite to class certification.[5]

e. *Adequacy*: Plaintiff is a member of the Class and will fairly and adequately protect the interests of the members of the class. The interests of the Plaintiff are coincident with, and not antagonistic to, those other members of the Class. Plaintiff is committed to the vigorous prosecution of this action and have retained counsel, who are competent and experienced in handling complex and class action litigation on behalf of consumers.

f. *Superiority and Substantial Benefit*: The prosecution of separate actions by individual members of the Class would create a risk of: (1) Inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class; and (2) Adjudication with respect to the individual members of the Class would substantially impair or impede the ability of other members of the Class who are not parties to the adjudications to protect their interests. The class action method is appropriate for the fair and efficient prosecution of this action. Individual litigation of the claims brought herein by each Class Member would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. Class treatment, by contract provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the aforesaid conduct of Defendants. The certification of the Class would allow litigation of claims that, in view of the expense of the litigation may be sufficient in amount to support separate actions.

## TOLLING OF STATUTE OF LIMITATIONS

55. Any applicable statutes of limitation have been equitably tolled by Candy Factory' affirmative acts of fraudulent concealment, suppression and denial of the true facts regarding the existence of the lack of Real Ingredients alleged herein. Such acts of

---

5 Briseno v. ConAgra Foods, Inc., 844 F.3d 1121, 1133 (9th Cir. 2017).

fraudulent concealment include, but are not limited to intentionally covering up and refusing to publically disclose that the Gummy Cubs lack Real Ingredients. Through such acts of fraudulent concealment, Candy Factory actively concealed from the public for years the truth about the lack of Real Ingredients, thereby tolling the running of any applicable statute of limitations.

56. Defendants are estopped from relying on any statutes of limitation because of their misrepresentation and fraudulent concealment of the true facts, as described herein, concerning the lack of Real Ingredients in the Gummy Cubs, Defendants were, at all times aware of the lack of those ingredients as described herein but at all times continued to sell and market the Gummy Cubs using the names "Peach" and "Boysenberry, Blackberry & Raspberry" on their packaging despite this knowledge.

**FIRST CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTY**

*(California Class)*

57. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

58. Plaintiff brings this cause of action on behalf of herself and on behalf of California Class.

59. Candy Factory used the names "Peach" and "Boysenberry, Blackberry & Raspberry" on the packaging of the Gummy Cubs.

60. Candy Factory's use of the names Peach" and "Boysenberry, Blackberry & Raspberry" on the packaging of the Gummy Cubs were false representations of fact, that were known by the Defendants to be untrue at the time they were made and were intended to create reliance.

61. Candy Factory's use of the names Peach" and "Boysenberry, Blackberry & Raspberry" on the packaging of the Gummy Cubs, thus, created express warranties that the Gummy Cubs would contain Real Ingredients.

62. Candy Factory breached the express warranties by selling Gummy Cubs, which lack Real Ingredients.

63. Candy Factory's breach caused injury to Plaintiff and Putative Class Members, because Plaintiff and Putative Class Members did not get the benefit of their bargain, which included, *inter alia*, candy with actual peach, boysenberry, blackberry and raspberry ingredients.

64. Defendants have and continue to breach their express warranties as alleged herein, because the Gummy Cubs lack Real Ingredients at the time of sale.

65. Resulting from Defendants' breach of express warranties as set forth above, Plaintiff and others similarly situated have suffered and will continue to suffer damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY**

*(California Class)*

66. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

67. Plaintiff brings this cause of action on behalf of herself and on behalf of California Class.

68. The Gummy Cubs are produced goods.

69. The transactions by which the putative class members purchased the Gummy Cubs were transactions for the sale of goods and at all times relevant, Candy Factory was the seller of Gummy Cubs and placed these products into the stream of commerce throughout the United States, including California.

70. Plaintiff and putative class members purchased Gummy Cubs from authorized retailers of Candy Factory products and/or directly from Candy Factory.

71. The Gummy Cubs came with an implied warranty that the Gummy Cubs and any parts thereof were merchantable, were the same quality as those generally accepted

in the trade, were not of poor or below average quality within the description and/or conformed to the affirmations of fact made by Candy Factory.

72. The Gummy Cubs, however, were non-conforming goods and/or goods that were not the same quality as those generally accepted in the trade, were of poor or below average quality within the description and/or did not conform to the affirmations of fact disseminated by Candy Factory because they lack Real Ingredients.

73. The Gummy Cubs, at all times relevant herein were not the same quality as those generally accepted in the trade, because other local and national businesses selling similar products to the same market either use Real Ingredients in products that have the names "Peach," "Boysenberry, "Blackberry" or "Raspberry" featured on their packaging, or refrain from using these names emblazoned on the packaging of products that lack Real Ingredients.

74. The Gummy Cubs, at all times relevant herein, were of poor or below average quality within the description of Organic Gummy Cubs – Peach and Organic Gummy Cubs – Boysenberry Blackberry & Raspberry provided by Candy Factory.

75. The Gummy Cubs, at all times relevant herein, did not and do not have the quality that a buyer would reasonably expect.

76. As a direct and proximate result of the foregoing, Plaintiff and all the other Putative Class Members sustained loss and damage and did not receive the benefit of their bargain.

## THIRD CAUSE OF ACTION

### BREACH OF CONTRACT

*(National Class)*

77. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

78. Plaintiff brings this cause of action on behalf of herself and on behalf of National Class, including all classes.

79. Plaintiff and putative class members entered into valid contracts with and paid sufficient consideration to purchase Gummy Cubs that contained Real Ingredients from Defendants.

80. Defendants materially breached the contracts for sale of Gummy Cubs by failing to deliver products that contained Real Ingredients.

81. As a direct and proximate result of the foregoing, Plaintiff and all the other putative class members sustained loss and damage and did not receive the benefit of their bargain.

## FOURTH CAUSE OF ACTION

## COMMON LAW FRAUD

*(National Class)*

82. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

83. Plaintiff brings this cause of action on behalf of herself and on behalf of National Class, including all classes.

84. Defendants represented that they were selling Gummy Cubs made with peach or boysenberry, blackberry & raspberry ingredients to Plaintiff and putative class members.

85. Defendants knew that the Gummy Cubs did not contain the Real Ingredients.

86. Defendants made the representation that they were selling Gummy Cubs made with peach or boysenberry, blackberry & raspberry ingredients to Plaintiff and putative class members with an intent to induce Plaintiff and putative class members to purchase the Gummy Cubs.

87. Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

88. Plaintiff and putative class members reasonably and justifiably relied on

Defendants' representation that they were selling Gummy Cubs made with peach or boysenberry, blackberry & raspberry ingredients.

89. In reliance on Defendants' representation that the Class Products were made with peach or boysenberry, blackberry & raspberry ingredients, Plaintiff and putative class members purchased the Gummy Cubs.

90. As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased the Gummy Cubs had they known that they did not contain the Real Ingredients.

**FIFTH CAUSE OF ACTION**

**INTENTIONAL MISREPRESENTATION**

*(National Class)*

91. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

92. Plaintiff brings this cause of action on behalf of herself and on behalf of National Class, including all subclasses.

93. Defendants intentionally represented that they were selling Gummy Cubs made with peach or boysenberry, blackberry & raspberry ingredients to Plaintiff and putative class members.

94. Defendants knew that the Gummy Cubs did not contain the Real Ingredients.

95. Defendants made the representation that they were selling Gummy Cubs made with peach or boysenberry, blackberry & raspberry ingredients to Plaintiff and putative class members with an intent to induce Plaintiff and putative class members to purchase the Gummy Cubs.

96. Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

97. Plaintiff and putative class members reasonably and justifiably relied on

Defendants' representation that they were selling Gummy Cubs made with peach or boysenberry, blackberry & raspberry ingredients.

98. In reliance on Defendants' representation that the Class Products were made with peach or boysenberry, blackberry & raspberry ingredients, Plaintiff and putative class members purchased the Gummy Cubs.

99. As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased the Gummy Cubs had they known that they did not contain the Real Ingredients.

## SIXTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

*(National Class)*

100. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

101. Plaintiff brings this cause of action on behalf of herself and on behalf of National Class, including all subclasses.

102. Defendants represented that they were selling Gummy Cubs made with peach or boysenberry, blackberry & raspberry ingredients to Plaintiff and putative class members.

103. Defendants had no reasonable grounds to believe that the Gummy Cubs contained the Real Ingredients.

104. Defendants intended for Plaintiff and putative class members to rely on their representations about their products.

105. Defendants' representation was material, because it related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

106. Plaintiff and putative class members reasonably and justifiably relied on Defendants' representation that they were selling Gummy Cubs made with peach or

boysenberry, blackberry & raspberry ingredients.

107. In reliance on Defendants' representation that the Class Products were made with peach or boysenberry, blackberry & raspberry ingredients, Plaintiff and putative class members purchased the Gummy Cubs.

108. As a direct and proximate result of the foregoing, Plaintiff and putative class members were damaged because they would not have purchased the Gummy Cubs had they known that they did not contain the Real Ingredients.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT**

**CIVIL CODE § 1750 *et seq.***

*(California Consumer Class)*

109. Plaintiff re-alleges and incorporate by reference as fully set forth herein all paragraphs of Class Action Complaint.

110. Plaintiff brings this cause of action on behalf of herself and on behalf of the California Consumer Class.

111. The Gummy Cubs are "goods" within the meaning of Civil Code § 1761(a).

112. Defendants are "persons" as defined by Civil Code § 1761(c).

113. Plaintiff and each member of the Class are "consumers" within the meaning of Civil Code § 1761(d).

114. The Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.* applies to Defendants' actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

115. At all times relevant herein, Candy Factory knowingly used the names "Peach" and "Boysenberry, Blackberry & Raspberry" emblazoned on the packaging for its Gummy Cubs candy with an intent to misrepresent the lack of such Real Ingredients in Gummy Cubs.

116. The representation that Class Products were made with peach or boysenberry, blackberry & raspberry ingredients was material, because they related to the contents of consumable goods and because reasonable consumers are likely to be influenced by the lack or presence of Real Ingredients in deciding whether to purchase these products.

117. At all times relevant herein, Candy Factory provided said representation to the entire class by using the names Peach" and "Boysenberry, Blackberry & Raspberry" emblazoned on the packaging for its Gummy Cubs candy, and displayed them on the signs in product displays, on in-store banners, screens, advertisements, and elsewhere.

118. As alleged herein, Candy Factory knew that said representation was false.

119. Plaintiff and the Class Members who purchased Class Products in reliance on Defendant's representation were harmed, because they would not have purchased the Gummy Cubs had they known that the Gummy Cubs did not contain the Real Ingredients.

120. Defendants have violated the CLRA in at least the following respects:

a. In violation of Civil Code § 1770(a)(5), Defendants have represented that the Gummy Cubs have characteristics and benefits that they do not have;

b. In violation of Civil Code § 1770(a)(7), Defendants have represented that the Gummy Cubs are of a particular standard, quality, or grade when they are not;

c. In violation of Civil Code § 1770(a)(9), Defendants have advertised the Gummy Cubs without an intent to sell them as advertised; and

d. In violation of Civil Code § 1770(a)(18), Defendants have represented that the Gummy Cubs were supplied in accordance with previous representations when they were not.

121. Defendants' deceptive acts alleged herein occurred in the course of selling a consumer product and Defendants have done so continuously through the filing of this Complaint.

122. As a direct and proximate result of Defendants' violation of Civil Code § 1770

*et seq.*, Plaintiff and other Class members have suffered irreparable harm and monetary losses entitling them to both injunctive relief and restitution. Plaintiff, on behalf of herself and on behalf of the Class, seeks damages and all other relief allowable under the CLRA.

123. Defendants' wrongful conduct, as set forth above, was willful, oppressive, and malicious.

124. Pursuant to Civil Code § 1782, Plaintiff provided notice to Defendants at least thirty days prior to filing this action for damages.

125. Defendants failed to make the showing required by Civil Code § 1782(c).

126. As a result, Plaintiff seeks actual damages for violation of the CLRA. In addition, pursuant to Civil Code § 1782(a)(2), Plaintiff and members of the class are entitled to an order enjoining the above-described wrongful acts and practices of Defendants, providing restitution to Plaintiff and the Class, ordering payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court under Civil Code § 1780.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**

**BUSINESS AND PROFESSIONS CODE §§ 17200 *et seq*.**

*(California Class)*

127. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

128. Plaintiff brings this claim on behalf of herself, California Class, and the general public in her representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17200 *et seq.* ("UCL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

129. Plaintiff asserts these claims as she is a representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have expended funds that the Defendants should be required to pay or reimburse under the restitutionary remedy provided by California Business and Professions Code § 17200 *et seq*.

130. Plaintiff has standing to bring this claim on behalf of herself and others similarly situated pursuant to California Business and Professions Code § 17200 *et seq*, because Plaintiff suffered injury-in-fact, *inter alia*, because she would not have purchased the Gummy Cubs had she known that the Gummy Cubs did not contain Real Ingredients, or she would have paid less for them.

131. Candy Factory had exclusive knowledge of the fact that Gummy Cubs did not contain Real Ingredients.

132. The lack of Real Ingredients in Gummy Cubs is material as alleged herein.

133. Candy Factory had a duty to disclose the lack of Real Ingredients in Gummy Cubs as alleged herein.

134. Candy Factory did not disclose the lack of Real Ingredients in Gummy Cubs as alleged herein.

135. Candy Factory actively concealed the lack of Real Ingredients from Plaintiff and the Putative Class Members.

136. Candy Factory intended to deceive Plaintiff and Class Members by concealing the lack of Real Ingredients, motivated by market share and profit margin.

137. At all relevant times herein, Candy Factory affirmatively used the names "Peach" and "Boysenberry, Blackberry & Raspberry" emblazoned on the packaging for its Gummy Cubs candy, and intentionally used substitute ingredients to create flavors similar to Real Ingredients, knowingly misrepresenting that the Gummy Cubs contained Real Ingredients. Based on information and belief, the Real Ingredients are more expensive than the substitute ingredients that Candy Factory used to deceive the consumers.

138. At all times relevant herein, Candy Factory displayed the names Peach" and "Boysenberry, Blackberry & Raspberry" emblazoned on the packaging for its Gummy Cubs candy and displayed them on the signs in product displays, on in-store banners, screens, advertisements, and elsewhere.

139. Ordinary consumers would not have recognized the fact that the Gummy Cubs lacked Real Ingredients, because of the deceptive packaging of Gummy Cubs and the flavors similar to Real Ingredients. Thereby, consumers were likely to be deceived.

140. Plaintiff and Class Members relied on Candy Factory's nondisclosure and affirmative misrepresentations and purchased the Gummy Cubs and were damaged as alleged herein.

141. Candy Factory's conduct, as fully described herein, constitutes acts of untrue and misleading advertising and is, by definition, violation of California Business and Professions Code § 17200 *et seq*. Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

142. These advertisements, due to the national scope and extent of Defendants' multi-media campaign, were uniformly made to all members of the class. Class members' acts of purchasing the Gummy Cubs were consistent with basing such decisions upon such advertisements, and thus formed part of the basis for the transaction at issue, or the benefit of the bargain, which was material; had Plaintiff and the putative class known differently as to the lack of Real Ingredients in Gummy Cubs they would not have purchased the Gummy Cubs.

143. Candy Factory's misconduct as alleged in this action constitutes negligence and other tortious conduct and this misconduct gave these Defendants an unfair competitive advantage over their competitors who do either use the more expensive real ingredients or do not use deceptive names for their similar products.

144. On the basis of balancing the welfare of the community and public interest, the utility to Candy Factory is *de minimus*, so that the conduct of Candy Factory is morally

reprehensible, unethical and unscrupulous. Candy Factory's practice is offensive to public policy and is immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

145. The acts, omissions, misrepresentations, practices and non-disclosures of Defendants as alleged herein constitute unlawful, unfair and/or fraudulent business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

146. The acts, omissions, misrepresentations, practices, non-disclosures and/or concealments of material facts, and/or deception alleged in the preceding paragraphs occurred in connection with Defendants' conduct of trade and commerce in the United States and in California.

147. The unlawful, unfair, deceptive and/or fraudulent business practices and/or false and misleading advertising of Candy Factory, as fully described herein, present a continuing injury to Plaintiff and putative class members as alleged herein.

148. As a direct and proximate result of the aforementioned acts, Defendants, and each of them, received monies expended by Plaintiff and others similarly situated who purchased the Gummy Cubs.

149. Pursuant to California Business and Professions Code § 17203 of the UCL, Plaintiff seek an order of this Court enjoining Candy Factory from continuing to engage in unlawful, unfair or fraudulent business practices, and any other act prohibited by the UCL.

150. In addition to the relief requested in the Prayer below, Plaintiff seek the imposition of a constructive trust over, and restitution of, the monies collected and profits realized by Defendants.

**NINTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL"), CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 *ET SEQ*.**

*(California Class)*

151. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

152. Plaintiff brings this claim on behalf of herself, California Class, and the general public in her representative capacity as a private attorney general against all Defendants for their unlawful, unfair, fraudulent, untrue and/or deceptive business acts and/or practices pursuant to California Business and Professions Code § 17500 *et seq.* ("FAL"), which prohibits all unlawful, unfair and/or fraudulent business acts and/or practices.

153. FAL makes it unlawful for any person, firm, corporation or association, or any employee thereof, with intent directly or indirectly to dispose of personal property to make or disseminate or cause to be made or disseminated before the public in this state, or to make or disseminate or cause to be made or disseminated from this state before the public in any state, in any advertising device, or by public outcry or proclamation, or in any other manner or means whatever any statement, concerning that real or personal property which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

154. Defendants are persons, firms, corporations or associations, or employees of thereof.

155. Gummy Cubs are personal property.

156. Defendants made statements to the public, including Plaintiff and putative class members, concerning the Class Products, stating that Class Products were made with peach or boysenberry, blackberry & raspberry ingredients, with an intent to dispose of the Class Products.

157. The statement that the Class Products were made with peach or boysenberry,

blackberry & raspberry ingredients was untrue or misleading.

158. The statement that the Class Products were made with peach or boysenberry, blackberry & raspberry ingredients was known by Defendants to be untrue, or by the exercise of reasonable care should have been known to be untrue or misleading.

159. Defendant, thus, violated and continues to violate FAL, has, and continues to obtain money from Plaintiff and putative class members.

160. Plaintiff requests restitution of the moneys paid by her and putative class members, disgorgement of profits made by Defendants as a result of the foregoing.

**TENTH CAUSE OF ACTION**

**QUASI CONTRACT/RESTITUTION/UNJUST ENRICHMENT**

*(National Class)*

161. Plaintiff re-alleges and incorporates by reference as fully set forth herein all paragraphs of Class Action Complaint.

162. Plaintiff brings this cause of action on behalf of herself and on behalf of National Class, including all classes.

163. Defendants intentionally and recklessly made misrepresentations and concealed facts about the Class Products to Plaintiff and the putative class members with an intent to induce them to purchase Class Products.

164. In reliance on Defendants' misrepresentations and concealment, Plaintiff and the putative class members, believed that the Gummy Cubs contained Real Ingredients.

165. Plaintiff and the putative class members made monetary payments to Defendant Candy Factory to purchase the Class Products, directly or through an authorized store.

166. Defendants were unjustly enriched by any payments Plaintiff and the putative class members made to Defendants, directly or indirectly, that resulted from the misrepresentations and concealment.

167. Therefore, Plaintiff and the putative class members are entitled to restitution

based on the quasi contract between Plaintiff and the putative class members and Defendants, and each of them.

**PRAYER**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, and also on behalf of the general public, pray for judgment against all Defendants as follows:

A. An order certifying the Class, sub-classes and appointing Plaintiff and their counsel to represent the Class and sub-Classes;

B. For actual damages, if adequate;

C. For any additional and consequential damages suffered by Plaintiff and the Class;

D. For statutory damages in an amount of not less than $1,000 per Plaintiff or Class member pursuant to California Civil Code § 1780(a)(1);

E. For restitution, as appropriate;

F. For statutory pre-judgment interest;

G. For reasonable attorneys' fees and the costs of this action;

H. For an order enjoining Defendant from selling Gummy Cubs in packaging emblazoned with the names "Peach" or "Boysenberry, Blackberry & Raspberry;"

I. For an order enjoining Defendant from using the names "Peach" and "Boysenberry, Blackberry & Raspberry" on the packaging of Gummy Cubs;

J. For declaratory and/or equitable relief under the causes of action stated herein; and

K. For such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for herself and the Class on all claims so triable.

July 21, 2017

THE MARGARIAN LAW FIRM

801 North Brand Boulevard, Suite 210
Glendale, California 91203

By: /s/ Hovanes Margarian
Hovanes Margarian, Esq.
Attorney for Plaintiff,
Liza Arabian and all others similarly situated.

**DECLARATION OF LIZA ARABIAN PURSUANT TO CIVIL CODE § 1780(c)**

I, Liza Arabian, declare as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the matters set forth herein and if called upon as a witness could and would competently testify thereto.

2. I am informed and believe that venue is proper in this court pursuant to Civil Code § 1780(d) based on the foregoing:

a. Defendant THE ORGANIC CANDY FACTORY is doing business in Los Angeles County, CA and within the Central Judicial District of California.

b. The transaction complained herein occurred in Los Angeles County, CA and within the Central Judicial District of California.

WHEREFORE, I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that this Declaration was executed this 20th day of July 2017 at Glendale, California.

Liza Arabian