# United States District Court
# Central District of California

| | |
|---|---|
| LIZA ARABIAN, as an individual, on behalf of herself, all others similarly situated, and the general public<br><br>Plaintiff,<br><br>v.<br><br>THE ORGANIC CANDY FACTORY, a business entity, form unknown; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 2:17-cv-05410-ODW-PLA<br><br>**ORDERGRANTING DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND [19]** |

## I. INTRODUCTION

On July 7, 2017, Plaintiff Liza Arabian filed this action against Defendant The Organic Candy Factory for various state and federal consumer protection claims. (Compl. ¶¶ 57–167, ECF No. 1). On September 20, 2017, Defendant moved to dismiss Plaintiff's Complaint. (Mot., ECF No. 12.) On October 11, 2017, Plaintiff filed a First Amended Complaint ("FAC"), and the Court denied Defendant's first motion to dismiss, as moot on October 18, 2017. (FAC, ECF No. 16; Order, ECF No. 17.) Defendant now moves to dismiss Plaintiff's FAC, in its entirety, on several bases. (Mot., ECF No. 12.) For the reasons discussed below, the Court **GRANTS**

Defendant's Motion to Dismiss, **with leave to amend**.[1]

## II. FACTUAL BACKGROUND

Defendant manufactures and markets gummy candies called, Gummy Cubs. (FAC ¶ 2.) Plaintiff alleges a consumer class action relating to Defendant's illegal and deceptive practices of misrepresenting that its products include peach, boysenberry, blackberry, and raspberry ingredients. (FAC ¶¶ 26–27, ECF No. 16.) Plaintiff is a citizen of California and wishes to represent a national class, along with two California subclasses of consumers who purchased Defendant's bear-shaped gummy candy (collectively, "Class Products" or "Gummy Cubs"). (*Id*. ¶¶ 6, 28.)

Plaintiff claims that, on or about May 18, 2017, she purchased a bag of Gummy Cubs from a Coffee Bean & Tea Leaf store in Glendale, California. (*Id*. ¶¶ 2, 20.) On the front of the package, under the words "Organic Gummy Cubs," are the words "a cubilicious mix of Boysenberry, Blackberry & Raspberry" and "Like biting into a cubilicious Peach." (*Id*., Fig. 1.) In addition, the front of the package included the phrases: "Organic Gummy Cubs," "100% Vitamin C per Serving," "Think Better Candy," and "Nothing Artificial Ever." (*Id*. ¶ 32, Fig. 1.) Plaintiff claims she purchased the Gummy Cubs while believing that they contained boysenberry, blackberry, and raspberry ingredients ("Real Ingredients"). (*Id*. ¶ 21.)

The back side of Gummy Cubs' packaging provides a list of ingredients, which does not include boysenberry, blackberry, or raspberry.[2] (Defendant's Request for

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] Defendant requests that the Court take judicial notice of the labels on the back of the Gummy Cubs package. (RJN, Ex. A, ECF No. 21.) The Court grants Defendant's request and takes notice of the back of the Gummy Cubs' package (*id*.) because these documents/images are referred to in the Complaint. (FAC ¶¶ 2–5, 38); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) ("A district Court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.") (internal quotation marks omitted). In addition, "[c]ourts addressing motions to dismiss product-labeling claims routinely take judicial notice of images of the product packaging." *Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1098–99 (S.D. Cal. 2015) (citations omitted).

Judicial Notice ("RJN"), Ex. A, ECF No. 21.) Rather, the ingredients list on the back of the package states "Natural Flavors." (*Id.*) Defendant claims that "Natural Flavors" includes boysenberry, blackberry, and raspberry. (Mot. 2.)

Subsequent to her purchase, Plaintiff "learned about the lack of Real Ingredients in Gummy Cubs." (FAC ¶ 22.) On May 31, 2017, Plaintiff sent a letter to Defendant, advising that she had purchased a bag of Gummy Cubs and was deceived into believing the Gummy Cubs contained Real Ingredients. (*Id.* ¶ 22.) Plaintiff alleges that—had Defendant not misrepresented that the Gummy Cubs contained Real Ingredients—Plaintiff would not have purchased them and would have purchased other products that contain real fruit or berry ingredients from Defendant's competitors. (*Id.* ¶ 23.)

Plaintiff's FAC alleges claims for: breach of express warranty (Count I), breach of implied warranty (Count II), breach of contract (Count III), common law fraud (Count IV), intentional misrepresentation (Count V), negligent misrepresentation (Count VI), violation of the California Consumer Legal Remedies Act ("CLRA"), Civil Code § 1750 *et seq.* (Count VII), violation of the California Unfair Competition Act ("UCL"), Business and Professions Code § 17200, *et seq.* (Count VIII), violation of the California False Advertisement Law ("FAL"), Business Professions Code § 17500, *et seq.* (Count IX), and quasi-contract/restitution/unjust enrichment (Count X). (*See generally* FAC.)

Defendant moves to dismiss Plaintiff's FAC, in its entirety, on several grounds. (*See* Mot.)

**III. LEGAL STANDARD**

A court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain

statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Accusations of fraud require a heightened particularity in pleading. *See* Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) establishes that an allegation of "fraud or mistake must state with particularity the circumstances constituting fraud." The "circumstances" required by Rule 9(b) are the "who, what, when, when, where, and how" of the fraudulent activity. *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). In addition, the allegation "must set forth what is false or misleading about a statement, and why it is false." *Id.* This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

Generally, a court should freely give leave to amend a complaint that has been dismissed, even if not requested by the party. *See* Fed. R. Civ. P. 15(a); *Lopez v.*

*Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). However, a court may deny leave to amend when it "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

Defendant moves to dismiss Plaintiff's FAC on several grounds: (1) failure to state a claim; (2) lack of standing to pursue entitlement to relief; and (3) lack of standing to pursue claims on behalf of a national class. (*See generally* Mot.)

### A. Failure to State a Claim

The heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure applies to "averments of fraud" in all civil cases in federal district court. *See* Fed. R. Civ. P. 9(b). The Ninth Circuit has specifically held that Rule 9(b) applies to claims for violation of the UCL, FAL, or CLRA that are grounded in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Vess v. Ciba-Geigy Copr. USA*, 317 F.3d 1097, 1103–06 (9th Cir. 2003). Plaintiff argues that Rule 9(b) does not apply to her claims for Breach of Express Warranty, Breach of Implied Warranty, Breach of Contact, and Unjust Enrichment, because these allegations describe non-fraudulent conduct. (Opp'n 4–5, ECF No. 23.) To support this assertion, Plaintiff cites to Ninth Circuit precedent stating, "[t]he rule does not require that allegations supporting a claim be stated with particularly when those allegations describe non-fraudulent conduct." *Vess*, 317 F.3d at 1104. However, this language only refers to cases in which "a plaintiff [] choose[s] not to allege a unified course of fraudulent conduct in support of a claim." *Id*. This does not apply to cases in which "the plaintiff [] allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim. In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud'. . . ." *Id*. at 1103.

Here, all claims arise from the unified course of conduct: Defendant fraudulently misrepresenting that its products contain Real Flavors. (FAC ¶¶ 20–51.)

Although fraud is not an element of some of the claims, Plaintiff alleges that Defendant has engaged in a unified course of fraudulent conduct. (*Id.*); *see Vess*, 317 F.3d at 1104. Therefore, all ten claims are grounded in fraud, and subject to Rule 9(b)'s heightened pleading requirement.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See* Fed. R. Civ. P. 9(b). To satisfy the pleading requirements of Rule 9(b), a complaint must plead "'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). In addition, the allegation "must set forth what is false or misleading about a statement, and *why* it is false." *Cafasso,* 637 F.3d at 1055 (emphasis added). "It is well settled that fraud allegations based on 'information and belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded." *Comwest, Inc. v. Am. Operator Servs., Inc.*, 765 F. Supp. 1467, 1471 (C.D. Cal. 1991) (internal quotation marks and citations omitted).

Fraud allegations require heightened pleading "because accusations of fraud are considered especially damaging." *Apumac, LLC v. Flint Hills Int'l*, No. CV 14-07447-AB (VBKx), 2015 WL 13306128, at *8 (C.D. Cal. Feb. 6, 2015). "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a pre-complaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). "It also prevents the filing of a complaint as a pretext for the discovery of unknown wrongs and protects potential defendants . . . from the harm that comes from being charged with the commission of fraudulent acts." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

In the FAC, Plaintiff alleges that, "[s]ubsequent to her purchase, [Plaintiff] *learned about* the lack of Real Ingredients in Gummy Cubs." (emphasis added) (FAC

¶ 22.) These are the type of conclusory allegations that Rule 9(b) was designed to prohibit. Plaintiff does not adequately set fourth why the statements on the packaging of the Class Products are false, how she learned they were false, or when she learned they were false. *Cafasso,* 637 F.3d at 1055. Stating that Plaintiff "learned about" why the packaging labels were false lacks the particularity that Rule 9(b) requires. *Id.*

In addition, Plaintiff does not claim to have undertaken a pre-complaint investigation into why the statements on the packaging of the Class Products are false to assure that the charges of fraud are supported. (*See generally* FAC.) "This [heightened pleading standard] attempts to protect defendants from the harm that may come to their reputations or to their goodwill when they are charged with wrongdoing: '[I]t has been said [that the requirement] is necessary to safeguard potential defendants from lightly made claims charging the commission of acts that involve some degree of moral turpitude.'" *Macchiavelli v. Shearson, Hammill & Co.*, 384 F. Supp. 21, 28 (E.D. Cal. 1974) (quoting Wright and Miller, 5A Federal Practice and Procedure: Civil § 1296 (3d ed.)). Defendant's reputation may be harmed from the allegation of fraud; both retailers and consumers may be unwilling or less inclined to purchase products from a business that is being charged of unlawful "acts that involve some degree of moral turpitude." *Id.*

Each of Plaintiff's ten claims rely on her claim that Defendant's packaging contains false statements, and those allegations must be pleaded with particularity. (Compl. ¶¶ 64 (Express Warranty), 72 (Implied Warranty), 81 (Breach of Contract), 92 (Fraud), 101 (Intentional Misrepresentation), 110 (Negligent Misrepresentation), 121 (CLRA), 132 (UCL), 154 (FAL), and 160 (Quasi Contract/Restitution/Unjust Enrichment)); *see Vess*, 317 F.3d at 1106. Plaintiff did not adequately plead how Defendant's statement was fraudulent. *Cafasso,* 637 F.3d at 1055. Accordingly, the Court **GRANTS** Defendant's Motion, with respect to all claims, **with leave to amend**. The Court analyzes the parties' remaining arguments below, to the extent they will be raised again in a subsequent complaint, and motion to dismiss.

**B.      Economic Harm**

Defendant argues that Plaintiff fails to allege cognizable economic harm for two reasons: (1) Plaintiff mistakenly alleges that the Gummy Cubs she bought had no value, and (2) Plaintiff has failed to plead facts demonstrating that the Gummy Cubs she bought are worth less than what she paid for them. (Mot. 9–12). Plaintiff argues she is not asserting two legal theories of economic harm, as stated by Defendant, but rather is asserting a general request for restitution, as defined by the Ninth Circuit. (Opp. 7–8); *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2016) (citations omitted), *cert. denied*, 136 S. Ct. 2410 (2016).

Generally, "[r]estitution is 'the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received.'" *Id.* at 988 (citing *Cortez v. Purolator Air Filtration Prod., Co.*, 23 Cal.4th 163, 174 (2000)). There are two purposes of restitution: "'to restore the defrauded party to the position he would have had absent the fraud,' and 'to deny the fraudulent party any benefits, whether or not for[e]seeable, which derive from his wrongful act.'" *Id.* Where there has been a wrongful act, the measure of recovery "is the value of the property at the time of its improper acquisition . . . ." *Id.* (citation omitted). The Ninth Circuit further explains, in cases of product misrepresentation in the context of standing, "restitution is based on what a purchaser would have paid at the time of purchase had the purchaser received all the information." *Id.* at 989.

In calculating damages for restitution, California law "requires only that some reasonable basis of computation of damages be used, and the damages may be computed even if the result reached an approximation." *Marsu, C.V. v. Walt Disney Co.*, 185 F.3d 932, 938–39 (9th Cir. 1999). "[T]he fact that the amount of damage may not be susceptible of exact proof or may be uncertain, contingent or difficult of ascertainment does not bar recovery." *Id.* at 989.

Plaintiff adequately pleaded facts establishing her claim that the Gummy Cubs she bought were worth less than what she paid for them. "[T]he focus is on the

difference between what was paid and what a reasonable consumer would have paid at the time of purchase without the fraudulent or omitted information." *Id*. at 989. Plaintiff alleges that she and the putative class members would not have purchased, or would have paid less for, Defendant's products had they known about the lack of Real Ingredients. (FAC ¶¶ 23, 41.) In addition, Plaintiff states that, absent Defendant's misrepresentation, she would have purchased other specific products, such as those from Annie's, Black Forest, or Ritter Sport, which either included Real Ingredients, or did not include the Real Ingredients, but cost less than Defendant's products. (FAC ¶¶ 47–50.) Plaintiff sufficiently pleaded a reasonable basis of computation of damages with regard to her purchase of the Gummy Cubs. Accordingly, Plaintiff has adequately pleaded economic harm.

## C. Standing to Pursue Injunctive Relief

Defendant argues that the Court should dismiss Plaintiff's claims for injunctive relief because she has already "learned the truth," cannot suffer the same harm again, and thus lacks Article III standing to pursue injunctive relief. (Mot. 12–14.) Plaintiff principally argues that, although she has learned of the truth, she has sufficiently pleaded that she will likely purchase the Class Products in the future. (*See* Opp'n 11–13.)

The Article III doctrine of standing requires the three well-known "irreducible constitutional minim[a]," injury-in-fact, causation, and redressability. *Lugan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A Plaintiff bears the burden of proving there is an injury-in-fact that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). To demonstrate standing for injunctive relief, the threat of injury must be "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Where standing is premised solely on the threat of repeated harm, a plaintiff must

demonstrate "a sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

The Ninth Circuit has held "that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase," because the consumer can suffer the threat of future harm that is "actual and imminent, not conjectural of hypothetical." *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1115 (9th Cir. 2017); *Summers*, 555 U.S. at 493. "[T]he threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling," as she may reasonably believe the company has since improved the product. *Davidson*, 873 F.3d at 1115; *see, e.g., Richardson v. L'Oreal USA, Inc.*, 991 F. Supp. 2d 181, 194–95 (D.D.C. 2013). The Ninth Circuit is "not persuaded that injunctive relief is *never* available for a consumer who learns after purchasing a product that the label is false." *Duran v. Creek*, No. 3:15-cv-05497-LB, 2016 WL 1191685, at *7 (N.D. Cal. Mar. 28, 2016) (emphasis added).

Here, Plaintiff alleges that she "and the Class Members will never know whether candy they are purchasing from Candy Factory has Real Ingredients based on the packaging of the product [and] will likely purchase Class Products in the future from Candy Factory[,] if Class Products contain the Real Ingredients as represented." (FAC ¶ 51.) At this stage of the proceedings the Court is required to presume the truth of Plaintiff's allegations and construe them in her favor. *Daniels-Hall v. National Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010). Based on the FAC, Plaintiff adequately alleged that she faces an imminent or actual threat of future harm due to Defendant's false advertising or labeling. (FAC ¶ 51.) Plaintiff has alleged an intention to purchase Gummy Cubs in the future. (*Id.*) Additionally, Plaintiff has alleged that she "will never know whether candy [she] is purchasing from Candy Factory has Real Ingredients." (*Id.*) Therefore, Plaintiff has established Article III

standing to assert a claim for injunctive relief. *See Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013).

**D.     Standing to Pursue Claims On Behalf of a National Class**

Defendant argues that Plaintiff lacks standing to pursue California state claims on behalf of national class. (Mot. 14–15.) In opposition, Plaintiff principally argues that this challenge is premature and should be addressed at the class certification stage. (Opp'n 13.)

This Circuit is split on whether a determination of what claims can be brought on behalf of a California or nationwide class should be deferred until class certification or decided at the pleading stage, with numerous opinions tackling the issue at class certification. *See Forcellati v. Hyland's Inc.*, 876 F.Supp.2d 1155, 1159 (C.D. Cal. 2012) ("[I]t would be premature to speculate about whether the difference in various states' consumer protection laws are material in this case."); *Grodzitsky v. Am. Honda Motor Co.*, 2013 WL 690822, at *1, 10 (C.D. Cal. Feb. 19, 2013) (denying motion to strike nationwide class allegations, noting that "[d]efendant has yet to file an answer and discovery has not yet begun; given the early stage of the proceedings . . . it is premature to determine if this matter should proceed as a class action."); *Clancy v. The Bromley Tea Co.*, 2013 WL 4081632, at *7 (N.D. Cal. Aug. 9, 2013) ("Rather, such a fact-heavy inquiry should occur during the class certification stage, after discovery."); *Valencia v. Volkswagen Group of America, Inc.*, 2015 WL 4760707, at *1 (N.D. Cal. Aug. 11, 2015) ("Whether California law differs from the laws of other states in a way that is material to this litigation is not a proper inquiry at the pleading stage.").

The Ninth Circuit indicated that courts should not hold that "nationwide classes are, as a matter of law, uncertifiable under California's consumer protection laws, which is unsurprising given the case-specific nature of choice-of-law analysis. *Forcellati*, 876 F.Supp.2d at1159 (citing *Mazza v. American Honda Motor Company, Inc.*, 666 F.3d 581(9th Cir. 2012)). More importantly, "*Mazza* [(like many other

choice-of-law decisions)] undertook a class-wide choice-of-law analysis at the class certification stage, rather than the pleading stage . . . ." *Forcellati*, 876 F.Supp.2d at 1159.

Such a detailed choice-of-law analysis does not belong at the pleading stage of litigation. *See In re Clorox Consumer Litigation*, 894 F.Supp.2d 1224, 1237 (N.D. Cal. 2012) ("Since the parties have yet to develop a factual record, it is unclear whether applying different state consumer protections statues could have a material impact on the viability of Plaintiff[']s claims"). Therefore, the Court finds Defendant is premature in its challenge of Plaintiff's standing to bring California state claims on behalf of a national class.

**E. Economic Loss Doctrine: Common Law Fraud, Intentional Misrepresentation, and Negligent Misrepresentation Claims**

Defendant argues that the economic loss doctrine precludes Plaintiff's claims for common law fraud, intentional misrepresentation, and negligent misrepresentation under California law. (Mot. 15–16.) Plaintiff argues that because she alleges that the contract was fraudulently induced, under California law, she is permitted recovery of tort damages in a contract case. (Opp'n 15–16.)

"The economic loss rule generally bars tort claims for contract breaches, thereby limiting contracting parties to contract damages." *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F.Supp.2d 1163, 1180 (C.D. Cal. 2009). The rule "prevents the law of contract and the law of tort from dissolving into one another." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal.4th 979 (2004). By preventing tort claims where there is a breach of contract dispute, "the rule encourages parties to reach a mutually beneficial private bargain." *United Guar. Mortg. Indem. Co.*, 660, F.Supp.2d at 1180. Limiting the recovery in breach of contract cases to breach of contract damages enables the parties to more easily "estimate in advance the financial risks of their enterprise." *Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th 503, 515 (1995).

The economic loss rule does have exceptions. One of which, Plaintiff cites in *Robinson*, 34 Cal.4th at 1180, which held that California law permits common law fraud, intentional misrepresentation, and negligent misrepresentation claims, despite only alleging economic loss. (Opp'n 15.) In *Robinson*, the California Supreme Court pointed to several exceptions to the economic loss rule, including "where the contract was fraudulently induced." *Id*. (citation omitted) (citing *Erlich v. Menezes*, 21 Cal.4th 543, 551 (1999)). "[I]n [this exception], the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Erlich*, 21 Cal.4th at 552 (citation omitted); *see also Harris v. Atlantic Richfield Co.*, 141 Cal.App.4th 70, 78 (1993) ("when one party commits a fraud during the contract formation or performance, the injured party may recover in contract and tort.") Generally, "[c]onduct amounting to a breach of contract becomes tortious only when it also violates an independent duty arising from principles of tort law." *Applied Equip. Corp. V. Litton Saudi Arabia Ltd.*, 7 Cal. 503, 515 (1994); *see also Erlich*, 21 Cal.4th at 551 ("An omission to perform a contract obligation is never a tort, unless that omission is also an omission of a legal duty.").

Where both contract and tort principles have been violated, California courts hold that "contract remedies do not address the full range of policy objectives underlying the [tort] action." *Lazer v. Superior Court*, 12 Cal.4th 631, 646(1996). "In pursuing a valid fraud action, plaintiff advances the public interest in punishing intentional misrepresentations and in deterring such misrepresentations in the future." *Id*. at 646 (citations omitted); *see also Robinson,* 34 Cal.4th at 991("[C]ourts will generally enforce the breach of a contractual promise through contract law, except when the actions that constitute the breach violate a social policy that merits the imposition of tort remedies." (citations omitted)); *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 683 (1988) (citations omitted) ("Whereas contract actions are created to enforce the intentions of the parties to the agreement, tort law is primarily designed to vindicate social policy.").

Defendant cites this Court's ruling in *In re Trader Joe's Tuna Litig.*, which is distinguishable from this case. There, the Court rejected the plaintiff's claim based on the economic loss rule because the plaintiff failed to allege any fraudulent inducement, resulting in harm aside from the economic loss. No. 2:16-cv-01371-ODW (AJWx), 2017 WL 4442918, at *10 (C.D. Cal. Oct. 3, 2017) (*See In re Trader Joe's Tuna Litig.* Docket, No. 2:16-cv-01371, Mot. 21, ECF No. 63.) In contrast, here, Plaintiff argues that her claims for common law fraud, intentional misrepresentation, and negligent misrepresentation should survive because they are based on injury related to her being fraudulently induced to enter the contract. (Opp'n 15–16.)

"One circumstance in which courts have routinely recognized the availability of both a fraud and a contract action is where a party contends that he was fraudulently induced to enter into a contract or to continue performing thereunder." *Bullard v. Wastequip, Inc.*, No. CV 14-01309-MMM (SSx), 2014 WL 10987394, at *8 (C.D. Cal. Sept. 11, 2014); *see, e.g.*, *Erlich*, 21 Cal.4th at 551–52; *Lazar*, 12 Cal.4th at 645 (quoting *Campbell v. Birch*, 19 Cal.2d 778, 791 (1942) ("[I]t has long been the rule that where a contract is secured by fraudulent representation, the injured party may elect to affirm the contract and sue for the fraud."); *Agosta v. Astor*, 120 Cal.App.4th 596, 603 (2004) (citations omitted) ("An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract. In such cases, the plaintiff's claim does not depend upon whether the defendant's promise is ultimately enforceable as a contract. If it is enforceable, the [plaintiff] . . . has a cause of action in tort as an alternative at least, and perhaps in some instances in addition to his cause of action on the contract."); *Harris,* 14 Cal.App.4th at 78 ("For example, when one party commits a fraud during the contract formation or performance, the injured party may recover in contract and tort.").

This is precisely the nature of Plaintiff's allegations. The FAC alleges that Defendant fraudulently induced Plaintiff to enter into contract for the purchase of the

Gummy Cubs, by affirmatively misrepresenting the Class Products to contained Real Ingredients. (FAC ¶¶ 4–5, 86–91, 95–100, 104–109.) Plaintiff alleges Defendant committed a fraud during the contract formation and, therefore, has properly elected to recover in contract and tort. *See United Guar. Mortg. Indem. Co.*, 660 F Supp. 2d at 1188 (quoting *Lazar*, 12 Cal.4th at 645) ("[I]t has long been the rule that where a contract is secured by fraudulent representation, the injured party may elect to affirm the contract and sure for fraud."). Therefore, the Court finds Plaintiff's tort claims for common law fraud, intentional misrepresentation, and negligent misrepresentation are not barred by the economic loss rule.

**F. Implied Warranty**

Defendant argues that Plaintiff's implied warranty claim should be dismissed because the Class Products "provide[] for a minimum level of quality," (Reply 12); *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 896 (C.D. Cal. 2013)), were safe for consumption (Reply 13); and were not "contaminated or contain[ing] foreign objects." (Reply 13); *Viggiano*, 944 F. Supp. 2d 877, 897. Plaintiff contends that she has stated a claim for breach of the implied warranty because in addition to a product being suitable for its intended use—to eat—the implied warranty provides that the product "pass without objection in the trade under the contract description," Cal. Comm. Code § 2314(2)(a), and "conform to the promises or affirmations of fact made on the container or label if any." *Id.* § 2314(2)(f).

In analyzing the "passing without objection in the trade" requirement, "[c]rucial to the inquiry is whether the product conformed to the standard performance of like products used in the trade. This determination may depend on testimony of persons familiar with the industry standards and local practices and is a question of fact." *Pisano v. American Leasing*, 146 Cal.App.3d 194, 198 (1983) (citation omitted). In the FAC, Plaintiff alleges the Gummy Cubs "were not the same quality as those generally accepted in the trade, because other local and national businesses selling similar products either use Real Ingredients in the products that have [similar]

statements . . . or refrain from using such statements on the packaging of products that lack Real Ingredients." (FAC ¶ 73.) Thus, Plaintiff has adequately alleged that Defendant's products did not comply with the standards of quality, so as to pass without objection in the trade under the contract description.

In analyzing the requirement to "conform[] to the promises or affirmations of fact made on the container or label," a product may be unmerchantable based on a showing that the facts about the product did not match the representations on the container or label. *See Hauter v. Zogarts*, 14 Cal. 3d 104, 117–18 (1975) (affirming a judgement for breach of implied warranty of merchantability where a golf training device did not "live up to the statement on the carton that it is 'Completely Safe Ball Will Not Hit Player.'"). Here, Plaintiff alleges that the Class Products "did not conform to the affirmations of fact made by Candy Factory in its labeling of Class Products" because they did not contain the Real Ingredients listed on the container. (FAC ¶¶ 26, 44.) For the above-mentioned reasons, Plaintiff has sufficiently stated a claim for breach of implied warranty.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendant's Motion to Dismiss, **with leave to amend**. (ECF No. 19.) To the extent Plaintiff wishes to amend her Complaint, she must do so before **April 10, 2018**. Plaintiff must also lodge a redlined copy of any amended complaint for the Court and Defendant's review.

**IT IS SO ORDERED.**

March 19, 2018

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**